**UNITED STATES of America**

v.

**Jo Lynne THORPE, Defendant.**

**No. CRIM.4:02 CR 146.**

United States District Court,
E.D. Virginia,
Newport News Division.

Oct. 6, 2003.

Fernando Groene, United States Attorneys' Office, Norfolk, VA, for Government.

Larry M. Dash, Office of Federal Public Defender, Norfolk, VA, for Defendant.

## OPINION

DOUMAR, District Judge.

Presently before the Court are Defendant's objections to the Government's Pre-sentence Report in this matter. In the Presentence Report, the Government recommends that Defendant receive a sentence at offense level 12 and criminal history category III, in accordance with the 2002 *United States Sentencing Commission Guidelines Manual* ("Sentencing Guidelines"). Defendant makes two objections. First, Defendant argues that, despite her post-arrest drug use, her offense level should be reduced from 12 to 10 for acceptance of responsibility. Second, Defendant argues that her criminal history category should be reduced from III to II because the Sentencing Guidelines state that a diversion from juvenile court is not counted in calculation of criminal history. The legal issues before the Court are: (1) whether, under section 3E1.1 of the Sentencing Guidelines, Defendant's post-arrest drug use necessarily bars an offense level reduction for acceptance of responsibility; and (2) whether section 4.A1.2(f) of the Sentencing Guidelines' statement that a "diversion from juvenile court is not counted" bars consideration in Defendant's criminal history of a diversion from Juvenile and Domestic Relations Court when Defendant was charged as an adult with assault and battery of a family member. For the reasons discussed below, the Court finds that: (1) under section 3E1.1 of the Sentencing Guidelines, Defendant's post-arrest drug use does not necessarily bar an offense level reduction for acceptance of responsibility; and (2) the statement in section 4.A1.2(f) of the Sentencing Guidelines that a "diversion from juvenile court is not counted" does not bar consideration in Defendant's criminal history of a diversion from Juvenile and Domestic Relations Court when she was charged as an adult with assault and battery of a family member in a domestic relations matter. Accordingly, Defendant's objection to her offense level is **SUSTAINED.** Defen-

dant's objection to her criminal history category is **OVERRULED**.

## FACTS

On November 12, 2002, a salesman at Mercury Pawn Shop in Hampton, Virginia telephoned Task Force Agents at the United States Bureau of Alcohol, Tobacco and Firearms ("ATF") to report his suspicion that Defendant purchased a firearm for someone other than herself at his pawn shop. According to the salesman, on November 11, 2002, Defendant Jo Lynne Thorpe purchased a Glock, Model 36, .45 caliber pistol, serial number EWV560 from the shop, entered her vehicle, and gave the firearm to a man waiting in the vehicle.

When Defendant was interviewed by agents at her house on November 12, 2002, she admitted that, on November 11, 2002, she purchased a firearm at Mercury Pawn Shop for someone else. Defendant told agents that an individual known as "Herp" picked her up, drove her to the pawn shop, gave her $630, and told her which firearm to purchase. Defendant told agents that "Herp" paid her $50 for purchasing the firearm.

During the course of Defendant's interview with ATF agents, she also admitted that she purchased another firearm for "Herp" on or about August 3, 2002 at Superior Pawn Shop in Hampton, Virginia. Defendant said that "Herp" gave her $50 for purchasing this firearm. On November 13, 2002, agents interviewed a salesman at Superior Pawn Shop and verified that on August 3, 2002, Defendant purchased a Taurus, Model PT140, .40 caliber pistol, serial number SUJ05456 from the shop.

On May 28, 2003, Defendant was named in a four-count superceding indictment filed in the Eastern District of Virginia. Count One charged Defendant with, on or about August 5, 2002, knowingly making a false statement and representation to a federally licensed firearms dealer, namely that she was the actual buyer of a Taurus .40 caliber pistol, when she was not the actual buyer of the firearm, in violation of 18 U.S.C. § 924(a)(1)(A) and 2. Count Two charged Defendant with, on or about August 5, 2002, knowingly making a false and fictitious written statement to a firearms dealer that was likely to deceive the firearms dealer as to a fact material to the lawfulness of the sale and acquisition of the firearm in Count One, in violation of 18 U.S.C. §§ 922(a)(6), 924(a)(2) and 2. Count Three charged Defendant with, on or about November 11, 2002, knowingly making a false statement and representation to a federally licensed firearms dealer, namely that she was the actual buyer of a Glock .45 caliber pistol, when she was not the actual buyer of the firearm, in violation of 18 U.S.C. § 924(a)(1)(A) and 2. Count Four charged Defendant with, on or about November 11, 2002, knowingly making a false and fictitious written statement to a firearms dealer that was likely to deceive the firearms dealer of a fact material to the lawfulness of the sale and acquisition of the firearm in Count Three, in violation of 18 U.S.C. §§ 922(a)(6), 924(a)(2).

On June 18, 2003, in accordance with the terms of a written plea agreement, Defendant pled guilty to Count One. In exchange for Defendant's guilty plea to Count One, the Government dropped Counts Two, Three, and Four. On September 8, 2003, Defendant appeared before the Court for sentencing. The Government recommended that Defendant receive a sentence at offense level 12 and criminal history category III under the Sentencing Guidelines. Defendant objected to the Government's recommendation and argued (1) that her offense level should be reduced from 12 to 10 for acceptance of responsibility, despite her post-arrest drug use; and (2) that her criminal history category should be reduced from

III to II because, under section 4.A1.2(f) of the Sentencing Guidelines, a diversion in juvenile court is not counted in the calculation of a defendant's criminal history.

## ANALYSIS

■ The first issue before the Court is whether Defendant's post-arrest drug use necessarily bars an offense level reduction for acceptance of responsibility under section 3E1.1 of the Sentencing Guidelines. Defendant maintains that several factors indicate that she has accepted responsibility for her actions and that she should receive an appropriate two-point reduction in her offense level from 12 to 10. The Government asserts that Defendant should not receive a two-point reduction in her offense level for acceptance of responsibility because Defendant tested positive for drug use while under pretrial supervision status after her arrest. The Government further asserts that drug use, while under pretrial supervision status, is inconsistent with acceptance of responsibility.

■ The Sentencing Guidelines allow the Court to decrease Defendant's offense level by two levels if Defendant "clearly demonstrates acceptance of responsibility for h[er] offense." U.S. SENTENCING GUIDELINES MANUAL § 3E1.1(a) (2002). A guilty plea alone does not entitle a defendant to a reduction for acceptance of responsibility as a matter of right. *United States v. Harris*, 882 F.2d 902, 905 (4th Cir.1989); U.S.S.G. § 3E1.1, cmt. n. 3. Instead, the defendant has the burden to prove, by a preponderance of the evidence, that she has clearly demonstrated acceptance of responsibility to receive an offense level reduction. *Harris*, 882 F.2d at 906–07. To make such a determination, the Court should consider whether Defendant: (1) truthfully admitted conduct comprising her offense of conviction and did not falsely deny any additional relevant conduct for which Defendant is accountable, (2) voluntarily withdrew from criminal conduct or

associations, (3) voluntarily paid any restitution prior to adjudication of guilt, (4) voluntarily surrendered to authorities promptly after commission of the offense, (5) voluntarily assisted authorities in the recovery of the instrumentalities of the offense, (6) voluntarily resigned from any position held during commission of the offense, (7) participated in post-offense rehabilitative efforts like counseling or drug treatment, and (8) the timeliness of Defendant's conduct in manifesting acceptance of responsibility. U.S.S.G. § 3E1.1, cmt. n. 1.

■ In this case, besides entering her guilty plea voluntarily, the Court recognizes that Defendant: (1) truthfully admitted her relevant criminal conduct to Government ATF agents at her interview with them on November 12, 2002 and did not deny her relevant conduct; (2) voluntarily withdrew from criminal conduct associated with the charges against her and, though acknowledging drug use after her arrest while on pretrial supervision, did not test positive for cocaine after May 19, 2003, when she was released to Rehabilitation Services, Incorporated; (3) did not have any restitution to pay; (4) voluntarily surrendered to authorities promptly after commission of her offense; (5) assisted in the recovery of the weapons she purchased for another person; (6) did not have any position to resign from during commission of the offense; (7) demonstrated an ability to rehabilitate herself; and (8) accepted responsibility in a timely manner for her criminal conduct relating to the offense. After consideration of all of the above factors, the Court finds that the only factor that arguably does not point to acceptance of responsibility in Defendant's case is her post-arrest drug use. All other factors involving her relevant conduct indicate acceptance of responsibility for her offense. Weighing the evidence under a preponder-

ance of the evidence standard, the Court finds that, although Defendant tested positive for drug use while she was on pretrial supervision after her arrest, she has not tested positive for illegal drug use after May 19, 2003, and her post-arrest drug use alone should not outweigh all of the other factors that point toward her acceptance of responsibility for her offense. Therefore, the Court finds by a preponderance of the evidence that Defendant demonstrated acceptance of responsibility for her offense.

■ The second issue before the Court is whether section 4.A1.2(f) of the Sentencing Guidelines that states a "diversion from juvenile court is not counted" bars consideration in Defendant's criminal history of a diversion from Juvenile and Domestic Relations Court when Defendant was charged as an adult with assault and battery of a family member. Defendant argues that she incorrectly received one criminal history point for the diversion from Juvenile and Domestic Relations Court in Gloucester, Virginia because the diversion occurred in a "juvenile" court and the Sentencing Guidelines do not explicitly exclude adult offenders who receive diversions from the statement that a "diversion from juvenile court is not counted." The Government asserts that the criminal history point Defendant received for the diversion was not in error because Defendant appeared before Gloucester Juvenile and Domestic Relations Court under that court's jurisdiction over adults who are charged with assault and battery of a family member in domestic relations matters, and not under the court's separate jurisdiction over juvenile offenders. The Government further asserts that the record shows that Defendant stipulated that sufficient evidence existed to convict her of the assault and battery charge in Gloucester Juvenile and Domestic Relations Court.

Section 4.A1.2(f) of the Sentencing Guidelines offers the following guidance concerning the inclusion of diversionary dispositions in the calculation of a defendant's criminal history category:

Diversion from the judicial process without a finding of guilt (e.g. deferred prosecution) is not counted. A diversionary disposition resulting from a finding or admission of guilt, or a plea of *nolo contendere,* in a judicial proceeding is counted as a sentence under § 4A1.1(c) even if a conviction is not formally entered, except that diversion from juvenile court is not counted.

For clarification of the last phrase of section 4.A1.2(f) of the Sentencing Guidelines, namely that "diversion from juvenile court is not counted," the Court looks to the long history in our legal system of treating juvenile defendants differently from adult defendants, both in criminal law and procedure, and in criminal sanctions. *Thompson v. Oklahoma,* 487 U.S. 815, 823, 108 S.Ct. 2687, 101 L.Ed.2d 702 (1988) (plurality opinion). The Supreme Court of the United States notes that there is "broad agreement on the proposition that adolescents as a class are less mature and responsible than adults," and "less culpability should attach to a crime committed by a juvenile than to a comparable crime committed by an adult." *Id.* at 834–35, 108 S.Ct. 2687. Furthermore, in accordance with the Sentencing Guidelines, prior adult diversionary dispositions should be counted in the calculation of criminal history if prior adult diversionary dispositions involved an admission of guilt in open court. U.S.S.G. § 4.A1.2(f), cmt. n. 9.

In this case, Defendant's diversion in Gloucester Juvenile and Domestic Relations Court occurred after Defendant, who was then a 39–year–old adult, was charged under section 18.2–57.2 of the Virginia Code for assault and battery of a family or household member. Thus, Defendant appeared in Gloucester Juvenile and Domes-

tic Relations Court as an adult defendant under the court's jurisdiction over cases in which a family member is charged with an offense in which another family member is a victim. VA. CODE ANN. § 16.1–241(J) (Michie 2003). Defendant's appearance before the Juvenile and Domestic Relations Court, therefore, was in a domestic relations matter. Defendant did *not* appear in Gloucester Juvenile and Domestic Relations Court in a juvenile matter under the court's jurisdiction over cases in which a juvenile is alleged to have committed a violent juvenile felony. VA. CODE ANN. § 16.1–241(A). In short, Defendant was not tried in "juvenile court," but rather was tried for a domestic relations charge in a combination court with jurisdiction to hear both domestic relations matters and juvenile matters.

While our legal system allows lesser culpability to attach to a crime committed by a juvenile than to a comparable crime committed by an adult, *Thompson,* 487 U.S. at 835, 108 S.Ct. 2687, our legal system does not extend this standard of lesser culpability to an adult defendant who, though she appears before a combination Juvenile and Domestic Relations Court, is reached by the court's jurisdiction over domestic relations matters and is not reached by the court's jurisdiction over juvenile matters. Therefore, the Court finds that section 4.A1.2(f) of the Sentencing Guidelines does not prohibit inclusion of the diversion from Gloucester Juvenile and Domestic Relations Court because Defendant was before the court in a domestic relations matter under its jurisdiction over adults charged with assault and battery of a family member, and not in a juvenile matter under the court's separate jurisdiction over juveniles committing violent felonies. Moreover, the Court considers Defendant's stipulation in the record that evidence was sufficient to convict her of the assault and battery charge against a member of her family to be an admission of guilt in open court which, according to the Sentencing Guidelines, should be counted in the calculation of her criminal history. U.S.S.G. § 4.A1.2(f), cmt. n. 9.

## CONCLUSION

In summary, the Court finds that although Defendant tested positive for drugs while she was on pretrial supervision after her arrest, this factor alone does not outweigh several other factors pointing to Defendant's acceptance of responsibility for her offense. Upon consideration of all relevant factors in Defendant's case, the Court finds that, by a preponderance of the evidence, Defendant has shown acceptance of responsibility for her offense. Therefore, pursuant to section 3E1.1 of the Sentencing Guidelines, Defendant's offense level is reduced two points from 12 to 10. Accordingly, Defendant's objection to her offense level is **SUSTAINED.**

Next, the Court finds that section 4.A1.2(f) of the Sentencing Guidelines, which states that a "diversion from juvenile court is not counted," does not prohibit consideration in Defendant's criminal history of a diversion from Juvenile and Domestic Relations Court when Defendant appeared before the court as an adult charged with assault and battery of a family member in a domestic relations matter. The Sentencing Guidelines' notation that a "diversion from juvenile court is not counted" relates to the distinct treatment juvenile defendants receive in our legal system. The diversion from Juvenile and Domestic Relations Court in Defendant's case came did not come before the court under its jurisdiction over juveniles who commit violent felonies. It came before the court under its jurisdiction over domestic relations matters in which a family member is charged with an offense in which another family member is the victim. In short, Defendant appeared before domestic rela-

tions court, not juvenile court. The combination of these two courts does not erase the distinction between them. For the reasons above, Defendant's criminal history category remains at III. Accordingly, Defendant's objection to her criminal history category is **OVERRULED**.

The Clerk is **DIRECTED** to forward a copy of this Opinion to the all counsel of record, including the United States Attorney.

**IT IS SO ORDERED.**